IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: SUBPOENAS TO NON-PARTY MARK CUBAN | § § § | |
| CUNG LEE, *et al.*, | § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:17-MC-0027-K |
| ZUFFA, LLC, | § § | |
| Defendant. | § § | |

# ORDER

Before the Court is non-parties' AXS TV LLC ("AXS") and Mark Cuban's Motion to Quash Deposition Subpoenas of Mark Cuban (Doc. No. 1). The Court has carefully considered the motion, the response, the reply, the supporting appendices, and the applicable law. For the following reasons, the Court **grants** the motion to quash as to the subpoena issued by the underlying Defendant, Zuffa, LLC ("Defendant") and **reserves ruling** on the motion with respect to quashing the subpoena issued by the underlying Plaintiffs, Cung Lee, Nate Quarry, Jon Fitch, Brandon Vera, Javier Vazquez and Kyle Kingsbury ("Plaintiffs"). The Court **orders** Plaintiffs first take the depositions of Mr. Andrew Simon and Mr. Dana White, then

ORDER – PAGE 1

confer with counsel for AXS and Mr. Cuban regarding the need for Mr. Cuban's deposition.

The Plaintiffs and Defendant in the underlying suit each served subpoenas on non-parties AXS and Mr. Cuban.  AXS and Mr. Cuban filed the instant motion seeking to quash the depositions, arguing the subpoenas are burdensome.  Specifically, they contend Mr. Cuban, a high-level executive of a non-party, has no unique knowledge relevant to the underlying case, and Plaintiffs must first use less intrusive means of trying to secure this information, such as deposing a lower level employee who has the same information and knowledge as Mr. Cuban.  Plaintiffs respond that there is no undue burden caused by their subpoena, Mr. Cuban has unique knowledge relevant to the underlying case, and Mr. Cuban's executive status does not excuse him from complying with the subpoena.  (The Defendant did not respond to the motion to quash the subpoena it served on Mr. Cuban.)  In their reply, AXS and Mr. Cuban re-urge their previous argument that there are less intrusive means to obtain the information sought, including taking the depositions of party witnesses and lower-level employees of AXS, and that Plaintiffs did not establish why Mr. Cuban has superior or unique knowledge that supports taking his deposition especially as a non-party apex executive.

If a timely motion is filed, the court must quash or modify a subpoena that "subjects a person to undue burden." FED. R. CIV. P. 45(d)(3). The party opposing discovery must show how the requested discovery was overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. *See S.E.C. v. Brady*, 238 F.R.D. 429, 437-38 (N.D. Tex. 2006). In determining undue burden on a non-party, the court must consider the benefits and burdens of the subpoena, including "whether the information is necessary and unavailable from any other source." *Positive Black Talk Inc. v. Cash Money Records Inc.*, 394 F.3d 357, 377 (5th Cir. 2004), *abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 160-66 (2010). Depositions of high-level executives, also known as apex executives, are permitted where conduct and knowledge at the highest levels of the corporation are relevant to the case, but the Fifth Circuit "has recognized the need for first utilizing less-intrusive means before taking an apex deposition, by way of deposing lesser-ranking employees." *Schmidt v. Goodyear Tire & Rubber Co.*, Civ. Action No. 2:01-CV-272, 2003 WL 27375844, at *1 (E.D. Tex. Jan. 7, 2003). The court may "prevent or alter apex depositions under the Federal Rules to avoid duplication, harassment, and burdensomeness." *Id.*

It is undisputed that Mr. Cuban is a high-level executive with AXS (along with numerous other business entities). The Court concludes, at this point, that Mr.

ORDER – PAGE 3

Cuban, as *a high-ranking executive of a non-party business entity*, possesses no unique information regarding the issues in the underlying case.  In his sworn affidavit, Mr. Cuban testifies he has no unique personal knowledge of information relevant to the underlying action that another management-level employee or corporate representative of AXS cannot also provide.  It is undisputed that Plaintiffs have already served a deposition subpoena on Mr. Andrew Simon, a lower level executive with non-party AXS who has been responsible for its business and efforts related to mixed martial arts.  Mr. Cuban testified that Mr. Simon can provide the same knowledge of information relevant in the underlying case, and AXS has agreed to make him available for deposition.  The Court concludes that Plaintiffs must first attempt less burdensome means of acquiring the information they seek by deposing Mr. Simon before they deposing Mr. Cuban.  *See Gauthier v. Union Pac. R.R. Co.*, Civ. Action No. 1:07-CV-012, 2008 WL 2467016, at *4 n. 2 (E.D. Tex. June 18, 2008) (plaintiffs failed to establish they "first attempt[ed] to obtain the sought after information through less burdensome means of discovery.").

   Plaintiffs also argue that they seek information regarding conversations and/or communications Mr. Cuban had with Mr. Dana White, CEO of Defendant Zuffa, Inc.  Plaintiffs failed to sufficiently explain why this information cannot be obtained from Mr. White, *who is a party executive of Defendant*.  They essentially argue that

Mr. Cuban's testimony is preferred because Mr. White is "an adversarial party" and he will give a one-sided account.  Yet, Plaintiffs admittedly have yet to depose Mr. White (as of the time briefing was completed).  It seems reasonable to the Court that Mr. White will be able to recall his conversations and/or communications with Mr. Cuban and will testify in his deposition truthfully as required under oath.  Plaintiffs have not evidenced anything to the contrary, nor can they until Mr. White's deposition occurs.  Plaintiffs have not shown how it is less burdensome on Mr. Cuban, the non-party, to testify about this versus a party witness who was party to the conversations at issue.  *See Positive Black Talk*, 394 F.3d at 377 (court must consider benefits and burdens of subpoena, including "whether the information is necessary and unavailable from any other source.").  The Court concludes Plaintiffs must also depose Mr. White before deposing Mr. Cuban.

Plaintiffs also make brief mention of needing Mr. Cuban's testimony about a private meeting he had with Scott Coker, the CEO of Strikeforce (an MMA promoter), another non-party to the underlying suit.  Plaintiffs state that Mr. Simon will not be able to testify about this meeting.  Until the deposition of Mr. Simon occurs, Plaintiffs cannot know that for certain.  Furthermore, Plaintiffs do not explain why this information is relevant to the underlying case.  They also do not indicate whether Mr. Coker has been deposed, and why Mr. Cuban's testimony would be

superior, or less burdensome, than Mr. Coker's testimony. The Court is unpersuaded by this very brief argument.

The underlying Defendant, Zuffa LLC, did not respond to AXS and Mr. Cuban's motion to quash the subpoena it issued to Mr. Cuban. The Court concludes AXS and Mr. Cuban carried their burden of establishing undue burden as to this subpoena and there is nothing to rebut that. Therefore, the Court **grants** the motion to quash the subpoena issued to Mr. Cuban by Defendant.

At this time, the Court **reserves ruling** on the motion to quash as to the subpoena issued to Mr. Cuban by Plaintiffs. The Court **orders** Plaintiffs to first depose Mr. White and Mr. Simon, then confer with AXS and Mr. Cuban's counsel as to the necessity for Mr. Cuban's deposition. <u>Within twenty-one (21) days of completion of the depositions of Mr. White and Mr. Simon</u>, the parties are further **ordered** to either (1) re-urge their positions regarding the motion to quash OR (2) notify the Court the matter has been resolved.

**SO ORDERED.**

Signed July 17th, 2017.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE